IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-02873-CNS

In re: DEVIN DAVID SHARP and AMY BETH SHARP

AMY BETH SHARP,

    Appellant,

v.

NICK COX AND GEORGIA FORSEE,

    Appellees.

---

## OPINION

---

This timely appeal follows an adversary proceeding in bankruptcy court, where judgment entered against Appellant Amy Beth Sharp. *See, e.g.,* ECF No. 17-1 at 100. After reviewing the parties' briefs and appellate record, the Court's decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3). Exercising jurisdiction under 28 U.S.C. § 158, the Court AFFIRMS in full the bankruptcy court's order and judgment. In doing so, the Court presumes a reader's familiarity with the underlying adversary proceeding and its factual background, this appeal's procedural history, the parties' appellate briefing, and the governing standards of review.

1

I.   ANALYSIS

Ms. Sharp raises three appellate issues. *See* ECF No. 17 at 5. The Court addresses and rejects them in turn.

A. Section 523(a)(2)(A) & Discharge

Ms. Sharp urges reversal on the grounds the bankruptcy court "improperly applied" 11 U.S.C. § 523(a)(2)(A). *See* ECF No. 17 at 10. She fails to persuade reversal is required.

As a preliminary matter, the Court addresses Appellees Mr. Cox and Ms. Forsee's argument that Ms. Sharp has waived her § 523 challenge because she "failed to raise it" in bankruptcy court. ECF No. 19 at 8. In reply, Ms. Sharp cursorily states "the question of whether the question was preserved for appeal is without merit." ECF No. 23 at 7. This cursory argument, and the clear failure of Ms. Sharp to raise her § 523 challenge below, amount to forfeiture of her appellate § 523 challenge. *See, e.g., Richison v. Ernest Grp.*, Inc., 634 F.3d 1123, 1128 (10th Cir. 2011); *In re Stone Pine Inv. Banking, LLC*, 635 B.R. 379, 395 (D. Colo. 2021), *aff'd*, No. 21-1423, 2023 WL 8758947 (10th Cir. Dec. 19, 2023). Nonetheless, for the sake of completeness, the Court exercises its discretion to consider Ms. Sharp's § 523 appellate challenge on the merits. *See Cox v. Glanz*, 800 F.3d 1231, 1244 (10th Cir. 2015). The Court does so under the typical standards of review, notwithstanding Ms. Sharp's failure to challenge on appeal the bankruptcy court's order and judgment as plain error. *See, e.g., United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019); *Stoedter v. Gates*, 704 F. App'x 748, 759 (10th Cir. 2017).

The gravamen of Ms. Sharp's appellate challenge is that she made statements regarding her company's "financial condition" under § 523(a)(2)(A), and thus she qualifies for discharge of the at-issue debts to Mr. Cox and Ms. Forsee. ECF No. 17 at 10. Thus, Ms. Sharp continues, the bankruptcy court erred "when it held that statements" about the company's "investments were nondischargeable." *Id.* The Court agrees with Mr. Cox and Ms. Forsee that the bankruptcy court properly applied § 523(a)(2)(A) and thus Ms. Sharp's appellate challenge fails. *See* ECF No. 19 at 12.

Under § 523(a), a possible discharge does "not discharge an individual debtor from any [monetary] debt" if "money [is] obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Ms. Sharp argues that, in the adversary proceedings below, her representations were "statements" about her company's "financial condition," rather than fraudulent statements, and that therefore she qualifies for discharge. ECF No. 17 at 10; *cf. Lamar, Archer & Cofrin, Llp v. Appling*, 584 U.S. 709, 712, 715 (2018) (explaining that § 523(a)(2) contains "exceptions" to "broad provisions for the discharge of debts"). This argument fails to persuade. As the appellate record and the bankruptcy court's order and judgment confirm, the bankruptcy court did not clearly err in concluding Ms. Sharp's statements did not relate to her company's financial condition, but rather reflected efforts to conceal from Mr. Cox and Ms. Forsee that the investments upon which their salaries depended "had not occurred." ECF No. 19 at 12; *see also Lamar*, 584 U.S. at 723 ("[Section 532(a)(2)'s] heightened requirements [about financial conditions] are not a shield for dishonest debtors.").

For these reasons, the bankruptcy court did not misapply § 523(a)(2)(A) or clearly err in finding the at-issue statements were fraudulent, rather than innocent descriptions of the company's financial condition. *See, e.g.,* ECF No. 17-1 at 85; *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010); *Homestead Golf Club, Inc. v. Pride Stables*, 224 F.3d 1195, 1199 (10th Cir. 2000). Accordingly, the bankruptcy court did not err in concluding Ms. Sharp is liable for a nondischargeable debt. The Court notes that, elsewhere in her Opening Brief, Ms. Sharp appears to essentially concede the point. *See* ECF No. 17 at 11 ("Cox/Forsee were required to use their senses and not blindly rely *upon a misrepresentation*.") (emphasis added). And to the extent Ms. Sharp argues there is a "policy" rationale supporting reversal, *see* ECF No. 17 at 13, this argument does not disturb the bankruptcy court's correct interpretation and application of § 523(a)(2)(A), or its sound factual findings in support of its conclusion Ms. Sharp did not qualify for discharge.

### B. Justifiable Reliance

Next, Ms. Sharp argues "Cox/Forsee has no justifiable reliance," and the bankruptcy court "erroneously found it took more than a year for reliance to end." ECF No. 17 at 11. In doing so, Ms. Sharp essentially argues the bankruptcy court clearly erred in finding that Mr. Cox and Ms. Forsee justifiably relied on Ms. Sharp's representations for over one year regarding the payment of their salaries. Ms. Sharp has not shown the bankruptcy court clearly erred in making this finding. *Cf.* ECF No. 17-1 at 95. To take one factual finding of several the bankruptcy court reached in concluding Mr. Cox and Ms. Forsee justifiably relied on Ms. Sharp's representations, Ms. Sharp continually

represented to them throughout 2018 and 2019 that she was "meeting with investors, investments were imminent, [and] she was picking up checks." *Id.*; *see also* ECF No. 19 at 13. At bottom, the bankruptcy court's findings on this point were thorough and certainly "permissible in light of the evidence." *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1183 (10th Cir. 2009) (quotations omitted). The bankruptcy court's findings, which have ample support in the record, as to Mr. Cox's and Ms. Forsee's justifiable reliance were not clearly erroneous. *See Acosta v. Foreclosure Connection, Inc.*, 903 F.3d 1132, 1134 (10th Cir. 2018).

### C. Individual Liability

Finally, Ms. Sharp argues the bankruptcy court made no findings "as to whether the [c]ompany was subject to veil piercing" or whether she "could be held liable for claims asserted against" the company. ECF No. 17 at 12. But the bankruptcy court *did* meaningfully address this issue. *See* ECF No. 17-1 at 82–85. And reviewing the bankruptcy court's analysis, it did not err as a matter of law in concluding Ms. Sharp "may be held individually liable under § 523(a)(2)(A) for a debt owed by the company" to Mr. Cox and Ms. Forsee. ECF No. 17-1 at 82. As Mr. Cox and Ms. Forsee observe, the bankruptcy court's well-reasoned conclusion enjoys support from several cases, particularly considering its finding Ms. Sharp made misrepresentations about investments herself as the company's sole owner, which is not clearly erroneous based on the record. *See, e.g., In re Donnell*, No. 10-12517 ABC, 2011 WL 2294186, at *3 (Bankr. D. Colo. June 8, 2011), *aff'd*, 479 B.R. 592 (D. Colo. 2012) (citing *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998)); *Matter of Seaborne*, 106 B.R. 711, 715 (Bankr. M.D. Fla. 1989); *In re*

5

*Bertrand*, No. 10-50008, 2011 WL 3664474, at *3 (Bankr. W.D. La. Aug. 19, 2011) (collecting cases).

## II.   CONCLUSION

The judgment of the bankruptcy court is AFFIRMED.

Dated this 13th day of May 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge